# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** § § § § | **Civil Action No. 6:17-cv-146-KNM (Lead Case)** | |
| Plaintiff, § | | |
| vs. § § | **JURY TRIAL DEMANDED** | |
| **APPLE INC.,** *et al.*, § § | | |
| Defendants. § | | |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** § § § § | **Civil Action No. 6:17-cv-225-RWS-KNM (Member Case)** | |
| Plaintiff, § § | | |
| vs. § § | **JURY TRIAL DEMANDED** | |
| **APPLE INC.,** *et al.*, § § | | |
| Defendants. § | | |

## T-MOBILE'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "T-Mobile") hereby submit this Answer and Affirmative Defenses in response to Plaintiff Cellular Communications Equipment LLC's ("CCE" or "Plaintiff") Original Complaint for Patent Infringement (the "Complaint").

## GENERAL DENIAL

Unless specifically admitted below, T-Mobile denies each and every allegation in the Complaint. To the extent the headings of the Complaint are construed as allegations, they are each denied.

## THE PARTIES

1. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies the same.

7. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. T-Mobile admits that T-Mobile USA, Inc. is a Delaware corporation with its principal place of business in Bellevue, WA; that Metro PCS has its headquarters in Richardson,

TX; that T-Mobile or its affiliates operate in the State of Texas, including within the Eastern District of Texas; and that T-Mobile USA, Inc. may be served with process through its agent for service of process. Otherwise, T-Mobile denies the remaining allegations in Paragraph 11.

12. T-Mobile admits that T-Mobile US, Inc. is a Delaware corporation with its principal place of business in Bellevue, WA; that Metro PCS has its headquarters in Richardson, TX; that T-Mobile or its affiliates operate in the State of Texas, including within the Eastern District of Texas; and that T-Mobile US, Inc. may be served with process through its agent for service of process. Otherwise, T-Mobile denies the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. T-Mobile admits that the complaint purports to allege claims for patent infringement under 35 U.S.C. §§ 271, 281, and 284-285, among others.

14. To the extent the allegations of Paragraph 14 of the Complaint set forth legal conclusions, no response is required. T-Mobile admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States. T-Mobile denies the remaining allegations of Paragraph 14.

15. To the extent the allegations of Paragraph 15 of the Complaint set forth legal conclusions, no response is required. T-Mobile denies that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b). T-Mobile admits it has transacted business in this district. T-Mobile denies the remaining allegations in Paragraph 15.

16. To the extent the allegations of Paragraph 16 of the Complaint set forth legal conclusions, no response is required. T-Mobile admits it has transacted business in this district. T-Mobile denies the remaining allegations in Paragraph 16.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,892,074)

17. T-Mobile incorporates paragraphs 1 through 16 herein by reference.

18. T-Mobile admits that Exhibit A to the Complaint purports to be U.S. Patent 6,892,074 and that it speaks for itself. T-Mobile is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19. Denied.

20. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint that are directed at other parties, and therefore denies the same.

21. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint that are directed at other parties, and therefore denies the same.

22. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint that are directed at other parties, and therefore denies the same.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 8,902,770)

23. T-Mobile incorporates paragraphs 1 through 16 herein by reference.

24. T-Mobile admits that Exhibit B to the Complaint purports to be U.S. Patent 8,902,770 and that it speaks for itself. T-Mobile is without knowledge or information sufficient to

- 4 -

5119701

form a belief as to the remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25. Denied.

26. T-Mobile admits that it offers Apple handsets for sale. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 26 of the Complaint.

27. T-Mobile admits that it offers Apple handsets for sale. T-Mobile denies the remaining allegations in Paragraph 27 of the Complaint.  T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint that are directed at other parties, and therefore denies the same.  T-Mobile denies the remaining allegations of Paragraph 27 of the Complaint.

28. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint that are directed at other parties, and therefore denies the same.  T-Mobile denies the remaining allegations of Paragraph 29 of the Complaint.

30. T-Mobile admits that T-Mobile USA is a member of the 3GPP organization or an affiliated entity.  T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 30 of the Complaint.

31.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint that are directed at other parties, and therefore denies the same.  T-Mobile denies the remaining allegations of Paragraph 31 of the Complaint.

32.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint that are directed at other parties, and therefore denies the same.  T-Mobile denies the remaining allegations of Paragraph 32 of the Complaint.

33.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint that are directed at other parties, and therefore denies the same.  T-Mobile denies the remaining allegations of Paragraph 33 of the Complaint.

34.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint that are directed at other parties, and therefore denies the same.  T-Mobile is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

36.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37.     T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

5119701

38. T-Mobile admits that it has an agreement with Apple for the purchase and sale of certain handsets. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 38 of the Complaint.

39. Denied.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 8,254,872)

40. T-Mobile incorporates paragraphs 1 through 16 herein by reference.

41. T-Mobile admits that Exhibit C to the Complaint purports to be U.S. Patent 8,254,872 and that it speaks for itself. T-Mobile is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42. Denied.

43. T-Mobile admits that it offers Apple handsets for sale. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 43 of the Complaint.

44. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 44 of the Complaint.

45. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

- 8 -

46. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 46 of the Complaint.

47. T-Mobile admits that T-Mobile USA is a member of the 3GPP organization or an affiliated entity. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 47 of the Complaint.

48. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 48 of the Complaint.

49. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 49 of the Complaint.

50. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 50 of the Complaint.

51. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint that are directed at other parties, and

therefore denies the same. T-Mobile is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Complaint, and therefore denies the same.

53. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Complaint, and therefore denies the same.

54. T-Mobile admits that it has an agreement with Apple for the purchase and sale of certain handsets. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 54 of the Complaint.

55. Denied.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 9,037,129)

56. T-Mobile incorporates paragraphs 1 through 16 herein by reference.

57. T-Mobile admits that Exhibit D to the Complaint purports to be U.S. Patent 9,037,129 and that it speaks for itself. T-Mobile is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 57 of the Complaint, and therefore denies the same.

58. Denied.

59. T-Mobile admits that it offers Apple handsets for sale. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 59 of the Complaint.

60. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 60 of the Complaint.

61. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint, and therefore denies the same.

62. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 62 of the Complaint.

63. T-Mobile admits that it has had knowledge of the '129 patent since service of this Complaint. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 63 of the Complaint.

64. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 64 of the Complaint.

65. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 65 of the Complaint.

66. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 66 of the Complaint.

67. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 67 of the Complaint, and therefore denies the same.

68. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of the Complaint, and therefore denies the same.

69. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Complaint, and therefore denies the same.

70. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71. T-Mobile admits that it has an agreement with Apple for the purchase and sale of certain handsets. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 71 of the Complaint.

72. Denied.

## JOINDER OF PARTIES

73. T-Mobile incorporates paragraphs 1 through 72 herein by reference.

74. T-Mobile admits that it has acquired Apple devices. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph

74 of the Complaint that are directed at other parties, and therefore denies the same. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 74 of the Complaint.

75. To the extent the allegations of Paragraph 75 of the Complaint set forth legal conclusions, no response is required. T-Mobile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint, and therefore denies the same.

76. To the extent the allegations of Paragraph 76 of the Complaint set forth legal conclusions, no response is required. T-Mobile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint, and therefore denies the same.

77. To the extent the allegations of Paragraph 77 of the Complaint set forth legal conclusions, no response is required. T-Mobile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint, and therefore denies the same.

**WILLFULNESS**

78. T-Mobile is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Complaint that are directed at other parties, and therefore denies the same. T-Mobile denies the remaining allegations of Paragraph 78 of the Complaint.

**JURY DEMAND**

Plaintiff's demand for a jury trial does not require a response.

**PRAYER FOR RELIEF**

T-Mobile denies that Plaintiff is entitled to any relief whatsoever against T-Mobile, either as prayed for in the Complaint or otherwise.

**ADDITIONAL DEFENSES**

T-Mobile alleges and asserts the following additional defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to defenses pleaded herein, T-Mobile reserves the right to allege additional defenses that become known through the course of discovery or otherwise.

**FIRST DEFENSE**

**(FAILURE TO STATE A CLAIM)**

79. The Complaint fails to state a claim against T-Mobile upon which relief can be granted.

**SECOND DEFENSE**

**(IMPROPER VENUE)**

80. Plaintiff is barred from pursuing its claims in the Eastern District of Texas because venue is improper, and the Complaint, and each purported claim contained therein, with respect to T-Mobile, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

## THIRD DEFENSE

### (NON-INFRINGEMENT)

81.     T-Mobile does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '770 Patent, the '872 Patent, or '129 Patent (collectively, the "Asserted Patents"), either directly, contributorily, by inducement, jointly, or in any other manner.

## FOURTH DEFENSE

### (PROSECUTION HISTORY ESTOPPEL)

82.     Plaintiff is estopped from construing any of the claims of the Asserted Patents in such a way as may cover, encompass, and/or include T-Mobile's products, services, or activities and/or has waived any right to do so by reason of amendment, cancellation, and/or abandonment of claims, and/or admissions, representations, and/or statements made by or on behalf of the applicants, in any proceedings before the United States Patent and Trademark Office.

## FIFTH DEFENSE

### (INVALIDITY)

83.     One or more claims of the Asserted Patents are invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH DEFENSE

### (LIMITATION OF DAMAGES OR COSTS)

84.     Plaintiff's claims for relief are barred in whole or in part, including without limitation by 35 U.S.C. §§ 286, 287, and/or 288.

## SEVENTH DEFENSE

**(LICENSE, WAIVER, CONSENT, UNCLEAN HANDS, AND/OR ESTOPPEL)**

85. Plaintiff's claims of patent infringement against T-Mobile are barred in whole or in part by the doctrines of license, waiver, consent, unclean hands, and/or estoppel.

86. CCE and/or its predecessors engaged in standard-setting misconduct including, but not limited to, breaching its commitment to offer fair, reasonable, and non-discriminatory ("FRAND") license terms for the patents asserted against T-Mobile and breaching its or their duty to disclose its intellectual property under the intellectual property rights ("IPR") policies of the relevant standards setting organizations ("SSOs").

87. Furthermore, Nokia Siemens Network ("NSN") issued a written declaration to the SSO, committing to license its declared-essential patents to all implementers of the UMTS and/or LTE standards on FRAND terms. Accordingly, as to all patents CCE and/or NSN has declared essential to the UMTS, LTE, or other relevant standard, T-Mobile is at the very least entitled to a license on FRAND terms.

**EIGHTH DEFENSE**

**(LICENSE)**

88. To the extent T-Mobile's vendors and/or suppliers are licensed, at least in part, to the patents-in-suit, T-Mobile is likewise licensed under the doctrines of express license, implied license, and/or patent exhaustion.

**NINTH DEFENSE**

**(ACTS OF OTHERS)**

89. The claims made in the Complaint are barred, in whole or in part, because T-Mobile is not liable for the acts of others over whom it has no control.

5119701

## **PRAYER FOR RELIEF**

WHEREFORE, T-Mobile requests that:

(a) Plaintiff's Complaint be dismissed with prejudice;

(b) The Court enter judgment that Plaintiff is not entitled to any relief whatsoever, whether in law or equity or otherwise, from its suit against T-Mobile;

(c) That the claims of the Asserted Patents be found invalid and/or unenforceable;

(d) The Court enter judgment that T-Mobile does not infringe and has not infringed any valid claim of the Asserted Patents and that Plaintiff take nothing by its Complaint;

(e) The Court declare this case to be exceptional and award T-Mobile its reasonable attorneys' fees and expenses incurred in defending this action; and

(f) The Court grant such other and further relief as it deems to be just and proper.

5119701

- 17 -

| | |
|---|---|
| Date: June 29, 2017 | /s/ *Melissa R. Smith* |

                                        Douglas J. Dixon (Admitted E.D. Tex.)
                                        HUESTON HENNIGAN LLP
                                        620 Newport Center Dr., Suite 1300
                                        Newport Beach, CA 92660
                                        Telephone: (949) 226-6741
                                        DDixon@hueston.com
                                        Jhueston@hueston.com


Date: June 29, 2017

    /s/ *Melissa R. Smith*

    Douglas J. Dixon (Admitted E.D. Tex.)
    HUESTON HENNIGAN LLP
    620 Newport Center Dr., Suite 1300
    Newport Beach, CA 92660
    Telephone: (949) 226-6741
    DDixon@hueston.com
    Jhueston@hueston.com

    Alexander C.D. Giza (Admitted E.D. Tex.)
    HUESTON HENNIGAN LLP
    523 West 6th Street, Suite 400
    Los Angeles, CA 90014
    Telephone: (213) 788-4340
    agiza@hueston.com

    Melissa R. Smith
    State Bar No. 24001351
    GILLAM & SMITH, LLP
    303 S. Washington Ave.
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257
    melissa@gillamsmithlaw.com

    **ATTORNEYS FOR DEFENDANTS T-MOBILE USA, INC. AND T-MOBILE US, INC.**

## CERTIFICATE OF SERVICE

    The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on this on June 29, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

    */s/ Melissa R. Smith*
    Melissa R. Smith